[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #105 CT Page 8614
The present dispute involves a contested tax assessment of property located in Middletown. The defendant has filed for summary judgment based on the fact that an interim revaluation of the property is not available to the plaintiff under Conn. General Statutes Sec. 12-62. It is claimed that the plaintiff's basis for appeal is a change in property value due to economic and/or market conditions. A claim which cannot be relied on as a bases of an appeal under this statute. Ralston Purina Company v. Board of Tax Review of the Town of Franklin, 203 Conn. 425, 427 (1987).
The claimed basis for this appeal is argued by the defendant to have been established and set because of the plaintiff's failure to timely respond to a request for admission, Practice Book Sec. 240. However, the alleged basis for appeal, established as an admission by a procedural maneuver, is direct conflict with the plaintiff's application for appeal itself. The application states in pertinent part: "This application is made pursuant to Conn. Gen. Statute Sec.12-118 within the time prescribed by law." Plaintiff's par. 8. Moreover, the admission does not by its terms foreclose the allegations of the complaint itself, since it does not deny or exclude the basis for appeal in the application itself. For example, paragraph seven of the complaint alleges that the original assessment of October 1, 1987 was not valid then and is not valid now.
The defendant has essentially denied the material allegations in the plaintiff's complaint, and therefore genuine issues of material fact exist. The moving party has the burden of proving the nonexistence of any material fact; Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781 (1991). The defendant is seeking to avoid the case on the merits based on an procedural admission, while ignoring the allegations of the plaintiff's application itself. The motion for summary judgment is denied.
Walsh, John, J. CT Page 8615